996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine GALICIA, Plaintiff-Appellant,
v.
POSTMASTER GENERAL, Defendant-Appellee.
 No. 92-15033.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.* Decided June 24, 1993.
 
 1
 Before NORRIS, RYMER, Circuit Judges, and TAYLOR, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 After she was fired from her job as a probationary employee at the Post Office, plaintiff-appellant Christine Galicia filed this employment discrimination action alleging violations of Title VII, 42 U.S.C. § 2000e et seq. After a bench trial the district court entered judgment for defendant-appellee Postmaster General. The district court concluded that Galicia failed to establish that she was 1) sexually harassed, 2) fired because of her race and/or sex, or 3) fired in retaliation for having complained of sexual harassment. Galicia appeals the district court's judgment on her race/sex discrimination claim and her retaliation claim.[1] We affirm.
 
 1) Race/Sex Discrimination
 
 4
 To establish a Title VII race or sex discrimination claim a plaintiff must first make a prima facie case of discrimination. Once a prima facie case has been made, the employer must articulate a legitimate nondiscriminatory reason for the employment decision. If the employer does so, to prevail the plaintiff must prove that the employer's reason was a pretext for discrimination. Norris v. City of San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990).
 
 
 5
 The Postmaster identified a number of legitimate nondiscriminatory reasons for firing Galicia,[2] including that she was unable to get along with her supervisors and co-employees, that she received many customer complaints, and that she failed to adequately perform her specific job responsibilities. Galicia, for her part, failed to prove that these reasons were pretextual. She produced no direct evidence of a discriminatory motive on the part of those who fired her. Nor did she prove that there were similarly situated men or non-Hispanics who were treated differently than she. Galicia places principal reliance on a comparison to Jack Williamson, a white male probationary employee who experienced some of the same problems as Galicia and was not fired. The district court found, however, that Williamson had not received any customer complaints or had any adverse relations with postal customers. This finding is not clearly erroneous. Therefore, the Postmaster's failure to fire Williamson does not prove that the Postmaster's proffered reasons for firing Galicia were pretextual.
 
 
 6
 Because the Postmaster has articulated legitimate nondiscriminatory reasons for Galicia's firing and Galicia has not proven those reasons to be pretextual, the district court correctly entered judgment for the Postmaster on Galicia's race and/or sex discrimination claim.
 
 2) Retaliation Claim
 
 7
 To make a prima facie case of retaliation a plaintiff must show that 1) she was engaged in a protected activity, 2) she was subject to an adverse personnel action, and 3) there is a causal link between the two. Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988). It is not disputed that Galicia was engaged in a protected activity (complaining of sexual harassment) and that she was subjected to an adverse personnel action (her firing). The only question is whether there was a causal link between the two.
 
 
 8
 The sexual harassment about which Galicia complained occurred when she was a part-time rural carrier. Galicia complained twice, in February and April of 1986, that her co-worker Thurmann Linn harassed her. Linn, for his part, complained that Galicia had failed to cooperate in sorting mail. After the April complaints, Galicia's supervisor Gerald Bratcher resolved the conflict by suggesting that Linn and Galicia each drop their complaints against the other. Galicia agreed to this resolution. According to Galicia's testimony, no harassment occurred after this informal resolution. In July of 1986, Galicia was interviewed for a job as a city carrier. She began work in August. Less than 90-days later, while still on probation, Galicia was fired. Bratcher and Julie Moore were the two supervisors responsible for recommending her termination.
 
 
 9
 We agree with the district court that Galicia has not established a causal link between her sexual harassment complaints and her termination. Julie Moore, one of the supervisors who recommended termination, did not know of the original sexual harassment complaint. Moreover, Galicia was hired for the city carrier job after she made her sexual harassment complaint, a fact that supports the inference that Bratcher, the only supervisor who did know of the complaint, did not have a retaliatory motive. Furthermore, even if we assume that Galicia proved a causal link and therefore made out a prima facie case of retaliation, the Postmaster has, as discussed above, articulated legitimate non-retaliatory reasons for firing Galicia. Galicia has not shown those reasons to be pretextual. Jordan, 847 F.2d at 1376.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Gary Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the conclusion of Galicia's case-in-chief, the district court granted the Postmaster's Fed.R.Civ.P. 41(b) motion for dismissal of Galicia's sexual harassment claim. Galicia did not object to this ruling, and does not raise the issue on appeal
 
 
 [2]
 The district court did not expressly decide that Galicia had made a prima facie case, but it did so impliedly by turning to the Postmaster's legitimate nondiscriminatory explanations. For the purposes of this appeal, we assume without deciding that Galicia has made a prima facie case